16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul WILLIAMS, Petitioner-Appellant,
v.
Mary PORTER, Probation Officer; Frank M. Minker, Chief
Probation Officer; and GALE A. Norton, Attorney
General, Respondents-Appellees.
 No. 93-1401.
 United States Court of Appeals, Tenth Circuit.
 Feb. 16, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, C.J.
 
 
 2
 After examining the Petitioner's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This is a pro se appeal from the denial of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 and the denial of a certificate of probable cause. We issue a certificate of probable cause and proceed to the merits of Petitioner's appeal. Barefoot v. Estelle, 463 U.S. 880 (1983).
 
 
 4
 Petitioner raised several issues in the United States District Court. He appears to be challenging only two of those issues here: (1) the denial of his right to compulsory process guarantee by the Sixth and Fourteenth Amendments to the United States Constitution; and (2) selective prosecution.
 
 
 5
 Having reviewed the record, including arguments, we affirm for substantially the reasons given by the magistrate judge which were adopted by the trial court.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470